FANENE TUUTAU of Nuuuli, Plaintiff

v.

SOLIAI PINE of Nuuuli, Defendant

No. 19-1947

High Court of American Samoa

Civil Jurisdiction, Trial Division

[Land: "Malae" in Nuuuli]

June 20, 1947

---

A. A. MORROW, *Chief Justice;* MALEPEAI and NUA, *District Judges.*

DECISION

Heard at Fagatogo, June 11, 1947.
Counsel for Fanene, Sefo; Soliai for himself.

MORROW, *Chief Justice.*

Soliai of Nuuuli offered certain land, designated by him as Malae, in Nuuuli for registration as his property. Fanene of Nuuuli filed an objection to such proposed registration claiming that the land belonged to the Fanene title. Hence this litigation. Sec. 905A of the Code of American Samoa. Soliai's offer was accompanied by a survey of the land showing that it lies north of the main highway leading from the Naval Station to Leone. Prior to the hearing the court viewed the premises in the presence of Soliai and representatives of Fanene.

At the hearing it appeared that Fanene did not claim all of the surveyed land as his property, but only the northern part. Fanene has a frame house part of which stands on the northeasterly part of the surveyed tract.

The evidence adduced at the hearing was conflicting. Soliai testified for himself as did Epenesa and Faamaligi, his

249

aigas. The testimony for Soliai was to the effect that the Soliai family had occupied and used all the premises surveyed for more than 20 years under a claim of ownership; that such family had cut the copra from the land for many years and had had various kinds of plantations on it in addition.

The evidence in favor of Fanene was to the effect that the northern part of surveyed land claimed by Fanene had been occupied and used by members of his family for more than 20 years under a claim of ownership; that the Fanene family planted coconut and breadfruit trees in it and have been taking its crops for more than 20 years.

The evidence also showed that U.S. Marines were stationed on the northern part of the land during the war and that they cut down some of the coconut trees presumably to make room for Marine buildings. Soliai, after he had the land surveyed, put in a banana plantation in a part of the land from which the Marines had removed the coconuts. The Fanene family made no attempt to plant anything in the disputed area, preferring to await the decision of the court on the ownership of the property.

In the light of the evidence adduced at the hearing, of what we saw when we viewed the premises, of the Samoan customs relating to the acquisition of title to land and of the law governing acquisition of title to land through adverse possession, the Court finds that the quadrangular tract of land in the northern part of the surveyed tract and having metes and bounds as follows is the communal land of the Fanene family:

Beginning at the iron pin at the southwestern end of the boundary marked "N. 43°39′ E., 70.55′ " (as shown on the survey of Malae filed by Soliai), thence N. 43°39′ E. a distance of 70.55 ft.; thence S. 52°30′ E. a distance of 76.02 ft.; thence S. 6°39′ W., a distance of 68.75 ft.; thence N. 57°51′ W., a distance of 119.36 ft. to the aforesaid iron pin at the place of beginning.

And the court further finds that the remainder of the surveyed land which lies south of such quadrangular tract is the communal land of the Soliai family.

The above boundary, viz. "N. 57°51′ W., a distance of 119.36 ft." was not marked on the survey, but has been calculated mathematically by the Court.

Whether the Fanene family acquired title to the quadrangular piece pursuant to Samoan customs by prior occupation and use under a claim of ownership; or by adverse possession for a period of 20 years makes no difference. At any rate it is our opinion, based upon the evidence and what we saw when we viewed the land, that the Fanene family (or the Marines by their license during the war) were in possession of the above quadrangular piece for at least 20 years prior to this action, and that such possession was open, notorious, active, visible, exclusive, continuous, hostile and under a claim of title. Such possession was adverse. See 2 Corpus Juris 50; *Cook v. Clinton,* 64 Mich. 309; *Salavea v. Ilaoa,* No. 2-1938 (Am.S.). Such adverse possession would vest title in the Fanene family. 2 Corpus Juris 251; *Maxwell Land Grant Co. v. Dawson,* 151 U.S. 586, 607. See also *Talo of Pago Pago v. Tavai of Pago Pago,* No. 14-1938 (Am.S.).

The Registrar of Titles will be advised to register the above quadrangular piece of land as the communal land of the Fanene in his capacity as matai of the Fanene family; the remainder of the surveyed tract lying to the south of such quadrangular tract will be registered as the communal land of the Soliai in his capacity as matai of the Soliai family.

Inasmuch as the cost of the survey was paid by Soliai and part of such cost will inure to the benefit of Fanene, court costs in the amount of $12.50 are assessed against Fanene. The remainder of the court costs, amounting to $12.50 are hereby assessed against Soliai.